IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| THIDA WHIRLEY and JOE WHIRLEY, as Parents and Next of Kin of WILLIAM MORTON WHIRLEY; and, Thida Whirley, as Administratrix of the Estate of William Morton Whirley, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) |
| KAWASAKI MOTORS CORPORATION, U.S.A. d/b/a Kawasaki and JIM BENNETT CORINTH, INC. d/b/a Jim Bennett Kawasaki and/or Jim Bennett Corinth Kawasaki, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

No. 1:04-1145-T-An

ORDER DENYING DEFENDANTS' FIRST MOTION FOR SUMMARY
JUDGMENT
AND
ORDER DIRECTING PLAINTIFFS TO FILE AN AMENDED COMPLAINT

This is a diversity case in which Plaintiffs allege that Defendants are liable under Tennessee law for the death of Plaintiffs' son, William Morton Whirley ("William"). Defendant Jim Bennett Corinth, Inc., d/b/a Jim Bennett Kawasaki and/or Jim Bennett Corinth Kawasaki ("Jim Bennett"), moves for summary judgment on the ground that Plaintiffs Thida Whirley and Joe Whirley are not entitled to prosecute this action under state law as William's "parents and next of kin" if, as the parents have alleged, William was

survived by minor children. [Dkt. # 33]. In addition, Jim Bennett contends that Plaintiff Thida Whirley is not entitled to prosecute this action as "Administratrix of [William's] Estate" because of an alleged conflict between her fiduciary duties and her asserted personal interest in a portion of the proceeds of any eventual settlement or judgment. Defendant Kawasaki Motors Corporation, U.S.A., d/b/a Kawasaki ("Kawasaki"), joins Jim Bennett's motion in full. [Dkt. # 38].[1]

The court has thoroughly considered all of the issues briefed in the motion for summary judgment. The court does not find it necessary to address all aspects of Defendants' motion at this time. In particular, this order does not address Defendants' argument that a significant conflict of interest exists to bar Thida Whirley from prosecuting this action as the personal representative of William's estate on behalf of his alleged minor children. Nor does the order address Defendants' assertion that the paternity of those minor children has not been established by clear and convincing evidence.[2] Instead, the court first orders Plaintiffs to amend their complaint to specify who they intend to control the prosecution of this case. The action may not be prosecuted by both the "next of kin" and the "administratrix" at the same time.

---

[1] Plaintiffs never filed a timely response to Defendants' motion or requested an extension of time in accordance with the local rules. After the time for responding had expired, Plaintiffs did make a request to file one collective response to all of Defendants' pending and potential dispositive motions, but the request was made on page eight of a document entitled "Status Report on Outstanding Discovery Issues and Motion for Relief on Same." [Dkt. # 47]. The request made no mention of any "excusable neglect" that would warrant a retroactive enlargement of the time allowed to respond to Defendants' motion. *See* FED. R. CIV. P. 6(b).

[2] *See* Jim Bennett's Mem. Supp. Summ. J. at 2 n.1 (citing TENN. CODE ANN. § 31-2-105(a)(2)(B)).

2

Under Tennessee's wrongful death statutes, there is one, and only one, "right of action" that passes upon the decedent's death. *See, e.g.,* TENN. CODE ANN. § 20-5-106(a); *Kline ex. rel v. Eyrich*, 69 S.W.3d 197, 206–07 (Tenn. 2002) ("[T]he right of action . . . is single, entire[,] and indivisible.") (internal quotation marks and citation omitted). The statutes therefore "carefully prescribe the priority of those who may [prosecute] the action on behalf of the decedent and any other beneficiaries." *Eyrich*, 69 S.W.3d at 207 (emphasis added); *see also id.* ("[M]ultiple actions may not be brought to resolve a single wrongful death claim."); *see also* TENN. CODE ANN. title 20, chapter 5 ("Abatement and Survival of Actions"). If the decedent is survived by a spouse who does not waive the right to priority, the spouse's right to maintain the action is "above all others." *Foster v. Jeffers*, 813 S.W.2d 449, 451 (Tenn. Ct. App. 1991) (citations omitted). If there is no surviving spouse, and if the decedent is survived by children, the children have the exclusive right to maintain the decedent's cause of action. *Id.* (citations omitted). If the decedent is survived neither by a spouse nor by any children, the decedent's "next of kin" take control of the right to prosecute the wrongful death action. *Id.* (citations omitted).[3]

Here, the complaint is defective under Tennessee law in that multiple parties are attempting to prosecute a single and indivisible wrongful death action. In particular, William's parents, Thida Whirley and Joe Whirley, are presently seeking to prosecute this

---

[3]The personal representative of a decedent's estate may bring the action but only on behalf of the specific person or persons with statutory priority. *See Fosters*, 813 S.W.2d at 452 (citations omitted). In such a situation, the personal representative does not have a direct interest in a contingent recovery but acts solely as a "medium." *Id.* (citing *Cummings v. Woody*, 152 S.W.2d 246 (Tenn. 1941)).

3

action in their own right as William's next of kin, while at the very same time Thida Whirley, as administratrix of William's estate, is seeking to maintain the action in a representative capacity on behalf of the alleged minor children of William. The "next of kin" and the "personal representative," however, may not simultaneously prosecute the same cause of action under Tennessee's elaborate prioritization scheme.[4]

The Plaintiffs should be given an opportunity to amend the complaint in order to name the proper plaintiff. Accordingly, Jim Bennett's first Motion for Summary Judgment [Dkt. # 33] and Kawasaki's Motion incorporating Jim Bennett's Motion [Dkt. # 38] are both DENIED, but Plaintiffs are ORDERED to cure the existing defect by amending their original complaint within twenty (20) days from the entry of this order. If Plaintiffs' pending Motion to Amend [Dkt. # 25] is permitted, that amended complaint shall also

---

[4]Irrespective of who is entitled to bring the action, the issue of who ultimately inherits the proceeds of a future wrongful death recovery is governed by Tennessee's law of intestate succession. *See, e.g., Gilliam v. Calcott*, No. E1999-02365-COA-R3-CV, NO. 03A01-9904-CV-00133, 2000 Tenn. App. LEXIS 198, at *7–8 (Tenn. Ct. App. Mar. 30, 2000) (unpublished) (citing numerous Tennessee cases). Under that law, the parents of an unwed intestate decedent inherit the entire intestate estate "*if* there is no surviving [lineal descendant]" of the decedent. TENN. CODE ANN. § 31-2-104(b)(2). If there is a surviving spouse and/or there are surviving issue, however, the parents would not inherit anything from the intestate estate. *Id.* § 31-2-104(a), -104(b)(1). Here, William left no surviving spouse but it is unclear if he left any surviving "lineal descendants" who would be entitled to inherit to the total exclusion of William's parents. The court does not find it necessary to address that question in this order as the Plaintiffs are in the best position to provide the answer.

comply with this order.

IT IS SO ORDERED.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

*29 December 2005*
DATE

Case 1:04-cv-01145-RLJ-egb   Document 62   Filed 12/29/05   Page 6 of 7   PageID 54

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 62 in case 1:04-CV-01145 was distributed by fax, mail, or direct printing on December 30, 2005 to the parties listed.

---

Murray H. Gibson
GIBSON RODGERS & MONEY, LLC
2315 9th St.
Ste. 3-B
Tuscaloosa, AL 35401

Robert K. Miller
BOWMAN & BROOKE, LLP
879 W. 190th St.
Ste. 700
Gardena, CA 90247

Steven W. Money
GIBSON RODGERS & MONEY, LLC
2315 9th St.
Ste. 3-B
Tuscaloosa, AL 35401

Ronnie Brooks
McNairy Cty Criminal Justice Ctr.
300 Industrial Park Dr.
Selmer, TN 38375

Tim Wade Hellen
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Van D. McMahan
LAW OFFICE OF VAN D. MCMAHAN
188 W. Houston Ave.
Selmer, TN 38375

Charles B. Lewis
LEWIS KING KRIEG & WALDROP, P.C.
620 Market Street
5th Fl., One Center Square
Knoxville, TN 37901

Honorable James Todd
US DISTRICT COURT