IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| THIDA WHIRLEY, as Administratrix of the Estate of William Morton Whirley, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 1:04-1145-T-An |
| VS. | ) ) | |
| KAWASAKI MOTORS CORPORATION U.S.A. d/b/a Kawasaki, *et. al.*, | ) ) ) | |
| Defendants. | ) ) | |

ORDER DENYING JIM BENNETT CORINTH, INC.'S MOTION TO STRIKE
PLAINTIFF'S DESIGNATION OF FACTS CONTAINED IN DOCUMENT 77
AND
DENYING KAWASAKI MOTORS CORPORATION U.S.A.'S MOTION TO STRIKE
PLAINTIFF'S DESIGNATION OF FACTS PURSUANT TO LOCAL RULE 7.2 (D)(2)
AND
DENYING KAWASAKI MOTORS CORPORATION U.S.A.'S MOTION TO STRIKE
PLAINTIFF'S RESPONSE TO STATEMENT OF MATERIAL FACTS IN
OPPOSITION TO KAWASAKI MOTORS CORPORATION U.S.A.'S MOTION FOR
SUMMARY JUDGMENT
AND
DENYING THIDA WHIRLEY'S MOTIONS TO STRIKE MOTIONS TO STRIKE

Counsel for both parties to this products liability action continue to file documents, including one *eighty-five page document*, that they have conveniently titled a "motion to strike." These filings are not motions authorized by the Federal Rules of Civil Procedure. Although Rule 12(f) of the Federal Rules does refer to the "motion to strike," the plain language of the rule only authorizes the striking of certain defenses or other matters from

"pleadings," and the list of "pleadings" contemplated by the rules clearly does not include any of the documents sought to be stricken in this case. FED. R. CIV. P. 12(f) ("Motion to Strike"), 7 ("Pleadings Allowed").

It is, however, likely that these experienced counsel were not even operating under the mistaken assumptions that they were filing Rule 12(f) motions. The more rational explanation for the evolution of the "motion to strike" phenomenon is Rule 7.2 of the Local Rules for the United States District Court for the Western District of Tennessee, which governs "motion" practice in civil cases. Rule 7.2 does not explicitly entitle a party to file a reply to a response to the party's own motion, and, absent such entitlement, a party generally should seek leave of court before filing a reply to a response. Rule 7.2(d), which applies especially to summary judgment motions, is no exception and does not mention the "striking" of one party's "designation" or "statement" of material facts in support of or in response to a motion for summary judgment. Moreover, Rule 7.2(e) requires court approval before a party may file a memorandum exceeding twenty pages, but parties may avoid the intended effect of this provision, apparently, by carefully naming something a "motion" or an "objection" rather than a "memorandum." *See generally* L.R. 7.2.

The modern rules of procedure and the local rules of this court have clear, important, and laudable purposes, the most obvious of which is to "secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. At some point, in every case, the arguments must cease and the decision-making process must proceed without the constant interruption of both parties seeking to have the last word before the court acts. Yet,

achieving the last word on every conceivable issue seems precisely what the practice of moving "to strike" is designed to achieve, and this case is a perfect example.  Such a back-and-forth practice reflects a lack of concern for the stated purposes of the rules, for the court's enormous docket-administration responsibilities, and for the rights of other litigants seeking equal access to the court in their equally important cases.

The objection of Jim Bennett Corinth, Inc. and motion (dkt. # 95) to Strike Plaintiff's Designation of Facts Contained in Document 77, the objection of Kawasaki Motors Corporation U.S.A. and motion (dkt. # 111) to Strike Plaintiff's Designation of Facts Pursuant to Rule 7.2(D)(2), the objection of Kawasaki and motion (dkt. # 112) to Strike Plaintiff's Response to Statement of Material Facts in Opposition to Kawasaki's Motion for Summary Judgment, and the motion (dkt. # 124) of Thida Whirley to Strike the foregoing objections and motions to strike are all DENIED.[1]

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] Nothing contained in this order should be construed as encouraging the refiling of these motions under a different name.