IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| THIDA WHIRLEY, as Administratrix of the Estate of William Morton Whirley, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 1:04-1145-T-An |
| VS. | ) ) | |
| KAWASAKI MOTORS CORPORATION U.S.A. d/b/a Kawasaki, *et. al.*, | ) ) ) | |
| Defendants. | ) | |

ORDER OVERRULING AND DENYING DEFENDANTS' OBJECTIONS TO AND
MOTIONS TO STRIKE PLAINTIFF'S LISTS OF WITNESSES AND EXHIBITS
AND
OVERRULING AND DENYING PLAINTIFF'S OBJECTIONS TO DEFENDANTS'
LISTS OF WITNESSES AND EXHIBITS

Defendants Kawasaki Motors Corporation U.S.A., d/b/a Kawasaki, and Jim Bennett Corinth, Inc., d/b/a Jim Bennett Kawasaki and/or Jim Bennett Corinth Kawasaki, object to and move to strike several of Plaintiff Thida Whirley's individual witnesses and exhibits on various evidentiary and procedural grounds. Responding that Defendants' lists contain many of the same alleged defects, Thida Whirley likewise objects to and moves to strike several individual witnesses and exhibits from Defendants' lists.

The numerous evidentiary objections to the many witnesses and exhibits of each party include objections based on: vagueness, ambiguity, irrelevance, lack of foundation and authentication, lack of specificity, hearsay, prejudice, failure to qualify as expert testimony,

lack of personal knowledge, breadth, speculation, unreliability, and spoliation. The court construes these evidentiary objections as motions *in limine*, and the objections are noted. However, the court will not enter an order purporting to exclude or to admit any exhibit or testimony at this time.

This court has the discretion, and it is this court's longstanding practice, to defer ruling on admissibility until an exhibit or a witness's testimony is actually offered at trial. *See generally United States v. Luce*, 713 F.2d 1236, 1240 (6th Cir. 1983) ("It is well-established that a court need not rule on a motion *in limine*.") (citing *New Jersey v. Portash*, 440 U.S. 450, 462 n.1 (1979) (POWELL, J. concurring); *United States v. Johnston*, 543 F.2d 55, 59 (8th Cir. 1976); *Houston v. Lane*, 501 F. Supp. 5 (E.D. Tenn. 1978)). This is the better judicial practice because it promotes expedience, avoids unnecessary non-binding rulings, *id.* at 1239–1240, and permits the court to make and render its decision in a concrete, rather than abstract, context. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *Hunter v. Blair*, F.R.D. 667 (S.D. Ohio 1987) (order). The court will follow that practice in this case for those reasons.

The parties also make a few other objections not based on evidentiary grounds but rather to the form in which their adversary's disclosures were submitted. Jim Bennett also alleges that counsel for Thida Whirley may not have complied with certain rules of professional conduct by sending a tester to Jim Bennett's showroom to discover the statements and behavior of Jim Bennett's sales representatives in typical transactions with customers. These objections and accusations are noted, and may be dealt with if necessary.

In particular, the parties should be guided by the provisions of Rule 37 of the Federal Rules[1] that define "failure to disclose" as including incompleteness, and the parties are encouraged to comply faithfully with that rule and with their continuing duty of supplementation if they have not already done so.  Of course, the parties are also expected to abide by their professional ethical obligations at all times.

For the reasons stated, Defendants' Objections to and Motions to Strike Thida Whirley's lists of witnesses and exhibits (dkt. #'s 116, 118, 122), and Thida Whirley's objections to Defendants' witness and exhibit lists (dkt. # 132), are **DENIED** without prejudice to renewal at trial.

IT IS SO ORDERED.

 s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE

---

[1] *See generally* FED. R. CIV. P. 37(a)(3) & (c)(1).